Timothy J. Casey (#013492)
SCHMITT, SCHNECK, SMYTH & HERROD, P.C.
1221 East Osborn Road, Suite 105
Phoenix, AZ 85014-5540
Telephone: (602) 277-7000
Facsimile:  (602) 277-8663
timcasey@azbarristers.com
Counsel for Defendants Arpaio, McGuire,
Powe and Enriquez

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel J. Pochoda,<br><br>               Plaintiff,<br><br>vs.<br><br>Joseph M. Arpaio, in his individual and official capacity as Sheriff of Maricopa County; Deputy Gary McGuire, in his individual and official capacity as a deputy with the Maricopa County Sheriff's Office; Sergeant Glen Powe, in his individual and official capacity as a deputy with the Maricopa County Sheriff's Office; Deputy J. Enriquez, in his individual and official capacity as a deputy with the Maricopa County Sheriff's Office; GM Security and Consulting, LLC., an Arizona limited liability company, John and Jane Does 1-10; Black Entities 1-5,<br><br>               Defendants. | No. CV08-2254-PHX-NVW<br><br>**THE SEPARATE ANSWER OF DEFENDANTS ARPAIO, MCGUIRE, POWE AND ENRIQUEZ TO PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>(Jury Trial Demanded) |

For their Answer to Plaintiff's Second Amended Complaint, Defendants Hon. Joseph M. Arpaio, Gary McGuire, Glen Powe, and J. Enriquez ("the County Defendants") admit, deny, and allege as follows:

**PARTIES, JURISDICTION AND VENUE**

1.     The County Defendants admit the allegations contained within paragraph

numbers 1, 3-6, and 9-12 of Plaintiff's Second Amended Complaint, and paragraph number 2 of the Second Amended Complaint as to only Defendant Arpaio serving as the elected Sheriff of Maricopa County, that he determines with others in his office the policies and practices of the Maricopa County Sheriff Office ("MCSO"), and serves as the official policy maker for the MCSO.

2. The County Defendants deny all other remaining allegations in paragraph 2 of Plaintiff's Second Amended Complaint not expressly admitted or otherwise pleaded to in the above paragraph of this Answer.

3. The County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph numbers 7-8, and 13 of Plaintiffs' Second Amended Complaint and, therefore, deny the same.

**FACTS COMMON TO ALL COUNTS**

4. The County Defendants admit the allegations contained within paragraph numbers 14 and 56 of Plaintiff's First Amended Complaint, and paragraph number 15 of the Second Amended Complaint as to only that Plaintiff has been, upon information and belief, the attorney of record in other cases against Defendant Arpaio for alleged violations of alleged constitutional rights.

5. The County Defendants deny all other remaining allegations in paragraph 15 of Plaintiff's Second Amended Complaint not expressly admitted or otherwise pleaded to in the above paragraph of this Answer.

6. The County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph numbers 16-33, 43, 47, 50-52, 69, 71, and 73-74 of Plaintiffs' Second Amended Complaint, and therefore, deny the same.

7. The County Defendants deny the allegations contained within paragraph numbers 25, 42, 34-46, 48-49, 53-55, 57-68, 70, and 72, and expressly and generally deny any other numbered paragraphs in Plaintiff's Second Amended Complaint not heretofore identified or specifically mentioned by these County Defendants.

## CLAIMS FOR RELIEF

### Count 1- Defendants McGuire, Powe, Enriquez and GM Security Alleged Unlawful Seizure- Detention and Arrest

8. The County Defendants deny the allegations contained within paragraph numbers 75-78.

### Count 2- Defendants McGuire, Powe, Enriquez and GM Security Alleged Retaliation (First Amendment)

9. The County Defendants deny the allegations contained within paragraph numbers 79-82.

### Count 3- All Defendants
### Alleged Malicious Prosecution (State Law)

10. The County Defendants deny the allegations contained within paragraph numbers 83-85, and 87-88.

11. The County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph number 86 of Plaintiffs' Second Amended Complaint and, therefore, deny the same.

12. The County Defendants deny each and every material allegation contained within Plaintiff's Second Amended Complaint not heretofore expressly admitted or otherwise pleaded to.

13. The County Defendants hereby demand a jury trial.

## SEPARATE, ALTERNATIVE AND AFFIRMATIVE DEFENSES

As separate, alternative, and affirmative defenses, the County Defendants allege as follows:

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff's federal causes of action are barred by the doctrine of qualified immunity.

3. The County Defendants have not violated any of plaintiff's constitutional rights as alleged or at all.

4. Plaintiff's lawsuit is an improper and retaliatory civil action taken because the County Defendants properly and legally enforced the law and plaintiff held himself above the law as an attorney and a purported advocate for causes he believes in regardless of the objective facts and law.

5. The County Defendants comply with, follow, and otherwise obey all applicable law at all times, including in regards to the plaintiff.

6. All investigatory stops or seizures made by the MCSO comply fully with the law.

7. All investigatory stops or seizures made on plaintiff by the County Defendants are based on reasonable and particularized suspicion supported by articulable facts that criminal activity may be afoot.

8. All investigatory stops or seizures made on plaintiff by the County Defendants are based on reasonable and particularized suspicion, are brief, and last no longer than necessary for the officer to investigate the situation with the aim of either of confirming or dispelling his or her suspicion.

9. In assessing the likelihood of criminal or suspicious activity, MCSO officers often rely upon specialized training and experience to make inferences from and deductions about the cumulative information available to them that might well elude an untrained person.

10. Even when factors considered in isolation from each other are susceptible to an innocent explanation, they may to the discerning eye of MCSO officers collectively amount to probable cause or reasonable suspicion.

11. Any and all full custodial arrests by the MCSO comply fully with the law.

12. Any and all full custodial arrests by the MCSO are based on probable cause.

13. The County Defendants allege that they and their employees and agents acted reasonably, constitutionally, and lawfully at all times relevant to the events described in Plaintiff's Second Amended Complaint.

SCHMITT, SCHNECK, SMYTH & HERROD, P.C.
Professional Corporation

4

14. The County Defendants allege that they and their employees and agents acted at all material times in good-faith and treated the Plaintiff in a reasonable, constitutional, and appropriate manner under the circumstances.

15. The County Defendants affirmatively defend this case on the grounds that they acted in <u>good-faith</u> at all times material to plaintiff's Second Amended Complaint.

16. The County Defendants affirmatively defend this case on the grounds that they had <u>probable cause</u> to arrest the plaintiff.

17. The County Defendants affirmatively defend this case on the grounds that they had <u>reasonable suspicion</u> for detaining and questioning the plaintiff.

18. The County Defendants affirmatively defend this case on the grounds that plaintiff was <u>not engaged in any constitutionally or federally protected right</u> at all times pertinent to the Second Amended Complaint.

19. The County Defendants made a reasonable request of Plaintiff to leave the private property parking lot.

20. Plaintiff refused to heed or follow a reasonable request to leave the private property parking lot and instead engaged in argument and debate with law enforcement personnel about their authority to stop him or to reasonably request that he leave the private property parking lot.

21. If somehow probable cause to arrest the plaintiff did not exist, the named defendants <u>mistakenly but reasonably</u> believed that their activities complied with the First Amendment.

22. Plaintiff's Second Amended Complaint for punitive or exemplary damages is barred by the Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States, and/or rights under the Arizona Constitution.

23. The County Defendants hereby demand a jury trial on all issues so triable.

WHEREFORE, the County Defendants request that the Court enter judgment as follows:

1. That this action be dismissed in its entirety as to the answering defendants, with Plaintiff taking nothing thereby;

2. That the Court deny the relief sought by the Plaintiffs after having all fact issues and disputes resolved by a fair and impartial jury as warranted and/or required by law.

3. That Plaintiff be ordered to pay the costs and reasonable attorney fees of the County Defendants incurred herein; and

4. For such other and further relief as the Court deems appropriate.

RESPECTFULLY SUBMIITED this 17th day of August, 2009.

SCHMITT, SCHNECK, SMYTH & HERROD, P.C.

*s/Timothy J. Casey*
Timothy J. Casey
Schmitt, Schneck, Smyth & Herrod, P.C.
1221 E. Osborn Rd., Suite 105
Phoenix, Arizona 85014
Telephone: (602) 277-7000
Facsimile:  (602) 277-8663
timcasey@azbarristers.com
Counsel for Defendants Arpaio, McGuire, Powe and Enriquez

**ORIGINAL** of this document electronically
filed with the Clerk's Office using the
CM/ECF System this 17th day of August, 2009

**COPY** of this document electronically mailed
this 17th day of August, 2009, to the following:

The Honorable Neil Wake
United States District Court
Sandra Day O'Connor U.S. Courthouse, Suite 524
401 West Washington Street, SPC 52
Phoenix, Arizona 85003-2158

**COPY** of this document electronically and regular mailed
this 17th day of August, 2009, to the following
counsel of record for plaintiff:

Joel B. Robbins, Esq.
Ann Findling, Esq.
ROBBINS & CURTIN, PLLC
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Counsel for Plaintiff

*s/Eileen Henry*
Eileen Henry, Paralegal
SCHMITT, SCHNECK, SMYTH & HERROD, P.C.